In re RYERSON'S ESTATE.

STATE *v.* PELL.

1. ESTATES OF DECEDENTS—DEBTS DUE THE STATE—OLD AGE AS-
SISTANCE.

A claim by the State against the estate of a decedent for old
age assistance grants to him during his lifetime must be
allowed and paid as a claim of the fourth class as a debt due
the State was clearly intended to have been created therefor
under pertinent statutes (CL 1948, §§ 400.34a, 708.10).

2. COSTS—PUBLIC QUESTION—ESTATES OF DECEDENTS—RECOVERY OF
OLD AGE ASSISTANCE.

No costs are allowed in proceeding to recover from estate of
decedent for old age assistance which had been granted
to decedent during his lifetime, a public question being involved
(CL 1948, §§ 400.34a, 708.10).

Appeal from Allegan; Smith (Raymond L.), J.
Submitted January 8, 1954. (Docket No. 42, Calen-
dar No. 45,834.) Decided February 18, 1954.

Claim of State of Michigan for reimbursement
from estate of Gabriel Ryerson, deceased, for funds
furnished under old age assistance provision of so-
cial welfare act. Allowed as fourth class claim.
Executor appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Poor and Poor Laws § 44; 48 Am Jur, Social
Security, Unemployment Insurance, and Retirement Funds
§ 41.
[1] Right of public to reimbursement from recipient, his estate
or relatives, of old age assistance payments. 125 ALR 712;
29 ALR2d 731.
[2] 14 Am Jur, Costs § 91.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *John E. McEvoy,* Assistants Attorney General, for plaintiff.

*Harry Pell,* executor, *in propria persona.*

BUSHNELL, J.   Gabriel Ryerson, prior to his death on September 21, 1951, had drawn old age assistance, totaling $2,575, from the State. This assistance began in November, 1947.   After his death, certain common stocks found in his cash box were sold, the proceeds of which, together with other liquid assets, amounted to $3,996.39.   After bills for funeral expenses and other preferred claims in the amount of $904.46 had been paid there remained a balance of $3,091.93 for the payment of all other claims and the expenses of administration.

The State of Michigan, through its department of social welfare, was allowed a fourth class claim in the sum of $2,575.   Several fifth class claims were also allowed.   Because payment of the State's claim would exhaust the estate and leave nothing to apply on the fifth class claims, an appeal was taken to the circuit court.   There, the case was heard solely upon an issue of law.   The order of the probate court allowing the State a fourth class claim was affirmed and a judgment was entered accordingly.

The executor has appealed from this judgment and here presents the sole question of whether a claim for reimbursement for old age assistance filed by the bureau of social welfare under CL 1948, § 400.34a (Stat Ann 1950 Rev § 16.434[1]), is a "debt" due the State of Michigan and entitled to a preference as a fourth class claim.

The statute under which the claim is filed reads:

"The State bureau may file a claim for reimbursement from the estate of the deceased for old age

assistance grants paid during the life time of the
deceased, and such claim shall be allowed and paid
in the same manner as claims filed against the estate
of deceased persons, and shall be paid into the gen-
eral fund of the State: Provided, That any such
claim shall not have preference over claims filed un-
der section 77 of this act by any county department
of social welfare for reimbursement for expenditures
made on behalf of the decedent."

It is provided in CL 1948, § 708.10 (Stat Ann 1943
Rev § 27.3178[420]), that claims allowed against an
estate shall have the following classification and
preference: (1) the necessary funeral expenses as
determined by the judge of probate; (2) debts due
the United States; (3) expenses of last sickness; (4)
debts due the State of Michigan; and (5) all other
debts.

Appellant argues that, in order to constitute a
debt, there must be a personal liability incurred
during the lifetime of the decedent and that liability
must have arisen out of the contractual relationship;
hence a claim by the State cannot ripen into a debt;
that a statutory liability imposed on one during his
lifetime is a duty, but not a debt; nor can judicial
determination change the character of the State's
claim from a statutory right of reimbursement into
a debt due the State of Michigan.

We see no justification whatever to follow such
fine-spun reasoning. The language of the classifica-
tion provisions of the probate code and the social
welfare act, as heretofore quoted (CL 1948, § 400.1
*et seq.* [Stat Ann 1950 Rev § 16.401 *et seq.*]), contain
no ambiguities nor inconsistencies. The language
is clear and plain. It provides that the "debt" may
be established by the filing of a claim which must be
allowed. There is no doubt that the legislature clear-
ly intended, through such process, to finally create a
debt within the classification of the probate code.

We therefore refrain from any further discussion of the question.

The order of the circuit court remanding the cause back to the probate court for further proceedings is affirmed, but without costs, a public question being involved.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.